Kevin T. Lafky, OSB #85263
klafky@lafky.com
Tonyia J. Brady, OSB #l03491
tbrady@lafky.com
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301
Tel: (503)585-2450
Fax: (503)585-0205
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SHON LATTY, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT–VIOLATION OF 42 U.S.C.§ |
| | ) | 1983 (DUE PROCESS) |
| v. | ) | |
| | ) | (Jury Trial Requested; Not Subject to |
| POLK COUNTY SHERIFF'S | ) | Mandatory Arbitration) |
| OFFICE, a department of Polk | ) | |
| County, POLK COUNTY | ) | (Jury Trial Requested) |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| a department of Polk County, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Alleges:

## JURISDICTION AND VENUE

1.

Plaintiff Shon Latty (hereafter "Plaintiff") asserts claims for violation of due process under

42 U.S.C. § 1983. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question

**Page 1- COMPLAINT**

jurisdiction, and brought pursuant to claims under 42 U.S.C. § 1983. Plaintiff requests a jury trial in this matter.

2.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred primarily in Polk County, Oregon and Defendants are located in Polk County, Oregon.

3.

Plaintiff is a resident of Polk County, Oregon. Plaintiff was employed as a patrol deputy, for Polk County Sheriff's Office.

4.

Defendant Polk County Sheriff's Office (hereafter "PCSO") is located in Polk County, Oregon. The PCSO is a department of Polk County. Defendant, Polk County District Attorney's Office (hereafter "PCDA") is located in Polk County, Oregon. (PCSO and PCDA are referred to collectively as "Defendants").

FACTUAL ALLEGATIONS

5.

Plaintiff began his employment with PCSO as a patrol deputy on February 8, 2006.

6.

Plaintiff received satisfactory performance reviews throughout his employment. He also received a number of commendations for his work performance as a patrol deputy.

7.

In or about April 2010, a complaint was made against Plaintiff by a citizen for excessive

use of force. A criminal investigation was conducted and Plaintiff was suspended from work with pay during the investigation. The criminal investigation was conducted by Linn County Sheriff's Office ("LCSO"). The Linn County District Attorney's Office determined that there was insufficient evidence to charge Plaintiff in the criminal case. The LCSO then proceed with an internal affairs investigation and forwarded their completed investigation to then-Lieutenant Jeff Isham at PCSO. Upon information and belief, LCSO found no issue with Plaintiff's truthfulness. Isham then conducted his own investigation.

8.

Lieutenant Isham found that Plaintiff had violated policy. The then-Polk County Sheriff, Bob Wolfe, reviewed the matter and issued a five day/60-hour suspension to Plaintiff for his conduct. Sheriff Wolfe never stated that Plaintiff was untruthful or lied. The District Attorney's Office was told about the suspension at around the same time. The then-Polk County DA, Stanley Butterfield, did not put Plaintiff on the so-called *Brady* list, a list maintained by prosecutors of law enforcement employees or former employees who purportedly cannot be called as witnesses in court proceedings due to concerns about their credibility.

9.

On August 27, 2015, Plaintiff submitted a written request to have Sheriff Wolfe remove these disciplinary documents, reports, and correspondence from his personnel file. Article 36 (D) of the Collective Bargaining Agreement (CBA) requires all reports, correspondence, or documents of a disciplinary nature to be expunged from an employees personnel file after 18 months. These documents were removed from Plaintiff's personnel file, but an electronic copy of it remained on Polk County's computer network.

**Page 3- COMPLAINT**

10.

Mark Garton is now the Sheriff of PCSO. On or about October 11, 2017, the current Polk County DA, Aaron Felton, made a request by letter asking for *Brady/Henthorn*[1] information. On or about February 21, 2018, Sheriff Garton responded to Felton by letter stating, "At this time, the Polk County Sheriff's office does not possess any such records that have not been previously provided to Polk County District Attorney's Office." Felton interpreted this letter to mean that past information existed.

11.

Sheriff Garton searched PCSO archived records and found the October 2010 disciplinary suspension given to Plaintiff. Sheriff Garton then delivered the suspension memorandum to Felton in March of 2018. Sheriff Garton admitted that the electronic file was in fact a personnel file subject to Article 36 and that PCSO was in violation of the CBA. Sheriff Garton, at the time, knew or should have known that providing these disciplinary records to Felton was a violation of the CBA.

12.

By letter dated March 15, 2018, Felton notified Plaintiff that he was gathering information about Plaintiff's 2010 suspension in order to make a decision about whether or not, pursuant to *Brady v. Maryland*, Plaintiff should be disqualified as a court witness in the future.

13.

In a letter dated July 10, 2018, Felton notified Plaintiff that he was disqualified from

---

[1] Pursuant to *Brady* the court is made aware of any materials possessed by an investigative agency that are helpful to the defense. Such materials include exculpatory information and any findings or substantiated allegations that call into question the credibility of a government witness.

**Page 4- COMPLAINT**

participating as a witness. Plaintiff was put on the so-called "*Brady* List".

14.

Felton stated he did not take lightly the decision to disqualify Plaintiff as a witness because he understood the far-reaching impacts of the decision on Plaintiff's career. Following the disqualification letter, Plaintiff was placed on administrative leave while PCSO conducted an inquiry into the ramifications of the PCDA's decision. It was found that, based on PCDA's decision to place Plaintiff on the "*Brady* List", he was no longer qualified as a patrol deputy because a principal duty of the job was testifying in court. On or about August 1, 2018, PCSO transferred Plaintiff to a position of corrections deputy.

15.

Plaintiff had a reasonable expectation of entitlement to his career as a patrol deputy as provided by the CBA.

16.

Placement on the "*Brady* List" by the PCDA has deprived Plaintiff of a constitutionally protected liberty and/or property interest because Plaintiff has been so severally stigmatized that he cannot avail himself of employment opportunities that would require him to testify in court. Testifying in court is a primary job function of all patrol deputy positions.

17.

As a result of the unlawful actions of Defendants, Plaintiff has suffered severe mental or emotional distress including anxiety, depression, grief, shame, humiliation, embarrassment, anger, disappointment, sleeplessness, sadness, and worry, all to his non-economic damages in the amount of $500,000. As a result of PCDA's violation of 42 U.S.C. § 1983, Plaintiff seeks

recovery of injunctive relief by removing his name from the *Brady* list. Additionally, Plaintiff seeks reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## FIRST CLAIM AGAINST DEFENDANT POLK COUNTY SHERIFF'S OFFICE–VIOLATION OF 42 U.S.C. § 1983

18.

Plaintiff realleges paragraphs 1-17. 42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States . . . deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

19.

By and through the actions and omissions described above, the PCSO deprived Plaintiff of his Fourteenth Amendment rights preventing deprivation of his constitutionally protected rights without due process of law, causing him harm.

20.

Plaintiff had a protected property interest in his employment. This protected property interest arises out of contract, policy, statute, and the CBA. Plaintiff had a protected liberty interest when PCSO engaged in conduct that was so severely stigmatizing Plaintiff cannot avail himself of other employment opportunities as a patrol deputy.

21.

The PCSO deprived Plaintiff of his Due Process right when it provided information to the PCDA that was a violation of the CBA and contract. The information provided by the PCSO caused Plaintiff to be placed on a "*Brady* List", which significantly diminished his job functions with the PCSO. Additionally, the PCSO failed to provide adequate notice and an opportunity to be heard

regarding the information shared with the PCDA that resulted in Plaintiff being put on the "*Brady* List".

22.

The PCSO deprived Plaintiff of his constitutionally protected liberty and/or property interest when it removed Plaintiff from his duties and drastically changed his position and work duties; thus, eliminating opportunities and ending his employment as a patrol deputy.  Plaintiff has been blacklisted due to his name being on the "*Brady* List" and has ruined his ability of pursing a career in law enforcement as a profession.

23.

The violation of 42 U.S.C.§ 1983 by the PCSO resulted in Plaintiff being deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

24.

As a result of PCSO's violation of 42 U.S.C. § 1983, Plaintiff requests non-economic damages as set forth in paragraph 17, along with reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM AGAINST DEFENDANT POLK COUNTY DISTRICT ATTORNEY'S OFFICE–VIOLATION OF 42 U.S.C. § 1983

25.

Plaintiff realleges paragraphs 1-24.  42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States . . . deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

26.

**Page 7- COMPLAINT**

By and through the actions and omissions described above, the PCDA deprived Plaintiff of his Fourteenth Amendment rights preventing deprivation of his constitutionally protected rights without due process of law, causing him harm.

27.

Plaintiff had a protected liberty interest when PCDA engaged in conduct that was so severely stigmatizing, Plaintiff cannot avail himself of other employment opportunities as a patrol deputy.

28.

The PCDA failed to provide adequate notice and opportunity to be heard prior to having Plaintiff's name put on the *"Brady* List". The *Brady* listing effectively blacklisted Plaintiff and has ruined his ability to pursue his career in law enforcement as a profession.

29.

The violation of 42 U.S.C.§ 1983 by the PCDA resulted in Plaintiff being deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States.

30.

As a result of PCDA's violation of 42 U.S.C. § 1983, Plaintiff seeks recovery of injunctive relief by removing his name from the *"Brady* List" and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands the following for his claims for relief:

1. Non-economic damages in an amount to be proven at trial, which sum is alleged to be $500,000;

2. Expert witness fees, interest, costs and reasonable attorney fees pursuant to 42 U.S.C. §

**Page 8- COMPLAINT**

1988;

3. Injunctive relief by removing Plaintiff's name form the "*Brady* List" and;

4. Such other relief as this Court may Order.


DATED this 6th day of June, 2019.

                /s/ Kevin T. Lafky
                Kevin T. Lafky      OSB#852633
                Tonyia J. Brady     OSB#103491
                LAFKY & LAFKY
                429 Court Street NE
                Salem, OR 97301
                (503)585-2450
                Of Attorneys for Plaintiff

**Page 9- COMPLAINT**