IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHON LATTY,**

    Plaintiff,

v.

**POLK COUNTY SHERIFF'S OFFICE,** a department of Polk County; **POLK COUNTY DISTRICT ATTORNEY'S OFFICE,** a department of Polk County; and **AARON FELTON,**

    Defendants.

Case No. 3:19-cv-00883-MO

OPINION AND ORDER

**MOSMAN, J.,**

Plaintiff ("Mr. Latty") filed his First Amended Complaint [ECF 6] on July 11, 2019. Defendants Polk County District Attorney's Office ("Polk County DA") and Aaron Felton ("Mr. Felton") filed a Motion to Dismiss [ECF 15] on October 4, 2019. For reasons discussed below, I GRANT Defendants' motion as to Polk County DA and dismiss with prejudice any claims against it. I also GRANT the motion as to Mr. Felton and dismiss without prejudice any claims against him.

## BACKGROUND

In his First Amended Complaint ("the Complaint"), Mr. Latty alleges that Mr. Felton assigned him to a "*Brady* list" that serves to identify law enforcement officers who are determined to be categorically unqualified from testifying in court, pursuant to *Brady v.*

1 –OPINION AND ORDER

*Maryland*, 373 U.S. 83 (1963). Compl. [6] ¶¶ 12-13. He alleges that after Mr. Felton assigned him to that list, he was reassigned to a position as a corrections deputy—from his previous assignment as a patrol deputy—because he could no longer testify in court. *Id.* ¶ 14. Mr. Latty alleges that this reassignment deprived him of a constitutionally protected interest because he had a reasonable expectation of entitlement to his position as a patrol deputy and because his placement on the list subjected him to a stigma that has harmed his employment prospects. *Id.* ¶¶ 15-16.

Defendants Polk County DA and Mr. Felton (collectively, "Defendants") moved to dismiss Mr. Latty's complaint on two distinct theories. First, Defendants argued that the lawsuit is barred by the Eleventh Amendment, to the extent that Mr. Latty seeks relief from Polk County DA. Mot. to Dismiss [15] at 3. Defendants also argue that prosecutorial immunity bars Mr. Latty from seeking any damages from Mr. Felton. *Id.* at 7. Second, Defendants argue that Mr. Felton did not deprive Mr. Latty of any constitutional right, and to the extent any violation did occur, Mr. Felton had no personal involvement in that activity. *Id.* at 4-6. For reasons explained below, I agree with Defendants' reasoning and GRANT their motion to dismiss.

## LEGAL STANDARD

When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere legal conclusions are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 15 provides that a court should freely give leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). As such, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serrv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). If amendment would be futile, the court need not grant leave to amend. *Id.*

## DISCUSSION

### I. Eleventh Amendment immunity

The Eleventh Amendment bars citizen lawsuits against states in federal court. *Hans v. Louisiana*, 134 U.S. 1 (1890). This immunity from suit extends to the Polk County District Attorney's office, which operates as a state agency when its officials act in their "prosecutorial capacity." *See Cannon v. Polk Cty. Dist. Att'y*, 501 Fed. Appx. 611, 613 (9th Cir. 2012) (unpublished opinion) (citing *Del Campo v. Kennedy*, 517 F.3d, 1070, 1073 (9th Cir. 2008)). Identifying witnesses who are disqualified under *Brady* is a prosecutorial function, not an administrative one, because it involves decisions about how the DA's office will prosecute crimes. Enforcing *Brady* is squarely within the prosecutorial function of the office, and any lawsuits pertaining to that function are barred by the Eleventh Amendment. Mr. Latty's claims against the Polk County DA are hereby DISMISSED with prejudice.

Further, a prosecutor acting in his prosecutorial capacity enjoys absolute immunity from suits for money damages. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). To the extent that any of Mr. Latty's claims can be construed as seeking money damages from Mr. Felton, those claims are also DISMISSED with prejudice.

## II. Plaintiff's claims as to Mr. Felton

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must plead the following elements: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Mr. Latty has alleged three violations of his constitutional right to due process: the deprivation of his job as a patrol deputy, the attachment to him of a stigma arising from his placement on the *Brady* list, and a deprivation of procedural due process when he was placed on the list. Compl. [6] ¶¶ 15-16, 28. Mr. Latty has not pleaded facts that demonstrate that any constitutionally protected interest has been infringed, and I therefore dismiss his claims.

### A. Constitutionally protected property interest

Even if Mr. Latty had pleaded fact sufficient to show causation, he has not pleaded facts sufficient to show that he had a constitutionally protected property interest in his position as a patrol deputy. "A government employee is not entitled to due process based on deprivation of property, when removed from a position, unless the employee has 'a legitimate claim of entitlement' to the position." *Weisburch v. Cty. of Los Angeles*, 119 F.3d 778, 780 (9th Cir. 1997) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). This claim of entitlement cannot be an "abstract need" or a "desire" for the position. *Roth*, 408 U.S. at 577. Finally, the entitlement must be grounded in state law and cannot be removable except "for cause." *Weisburch*, 119 F.3d at 780 (citation omitted).

Here, Mr. Latty argues that he was entitled to remain in his role as a patrol deputy. But he has pointed to no source of state law that creates this entitlement. He argues that there was an "implied-in-fact agreement" that he would remain on patrol, but an implied agreement with a

former district attorney—not Mr. Felton—is not a source of state law, absent some Oregon statute or Oregon Supreme Court ruling that says this type of agreement creates an ongoing, nonremovable entitlement to a specific term of one's employment. Pl. Resp. [16] at 6. Mr. Latty has supplied no authority of any kind that supports his assertion that this is so. *Id.*

Mr. Latty also seems to suggest that the Collective Bargaining Agreement ("CBA") that governed his employment created an entitlement to remain in the role of patrol deputy. Pl. Resp. [16] at 6-7. But Mr. Latty has not provided the agreement or produced any language, clause, terms of employment, or any other information that would create a legal entitlement to continuation in his role. He has also not produced any terms of the CBA that govern reassignments of deputies. *See Weisbuch*, 119 F.3d at 781 (explaining that rules governing reclassifications of employees may inform the inquiry into whether a property right exists). Absent more specific information about the terms of the CBA, it cannot provide the basis for a legal entitlement to remain as a patrol deputy.

Finally, Mr. Latty argues that his reassignment amounted to a demotion, which implicates a property right. Pl. Br. [16] at 8. Mr. Latty cites to one case for the proposition that a demotion may implicate a property right, but that case, which is unpublished, does not support his overall argument. *Maner v. Cty. of Stanislaus*, 725 Fed. Appx. 485, 488 (9th Cir. 2018) (unpublished opinion). In *Maner*, the Ninth Circuit held that some evidence is required to show that a reassignment constitutes a demotion, beyond the employee merely disliking the new position. *Id.* (e.g. a negative effect on one's salary or benefits). Mr. Latty has provided no evidence here to support his assertion that his reclassification was a demotion, such as a reduction in salary. Pl. Br. [16] at 8. In cases such as these, the Ninth Circuit has consistently held that a property interest is not implicated. *See, e.g., Stiesberg v. State of Cal.*, 80 F.3d 353, 356-57 (9th Cir. 1996)

5 –OPINION AND ORDER

(state highway patrol officer's rights were not implicated where he was transferred to a position with no effect on his pay, rank, or privileges); *Weisbuch*, 119 F.3d at 781 (medical director's property interests were not implicated where he was reassigned to "associate" medical director with no loss of pay or rank); *Abel v. City of Algona*, 348 Fed. Appx. 313 (9th Cir. 2009) (unpublished opinion) (police officers' rights were not implicated by reassignment to administrative work that came with no loss of rank or pay).

In sum, Mr. Latty has failed to show that he possessed a constitutionally protected property interest in his role as a patrol deputy. Any claims against Mr. Felton alleging a deprivation of Mr. Latty's property interest in his position as a patrol deputy are therefore dismissed.

B. Constitutionally protected liberty interest

Mr. Latty's second theory of harm alleges that his placement on the *Brady* list was so severely stigmatizing that it deprived him of a liberty interest in seeking new employment, and that due process entitled him to a hearing prior to being placed on the list. Compl. [6] ¶¶ 27, 28. To state a claim for stigmatic harm as part of a § 1983 claim in the employment context, a plaintiff must plead two elements: (1) the stigmatizing nature of the harm, and (2) the substantial falsity of the disseminated information. *Codd v. Velger*, 429 U.S. 624, 627 (1977). This is because the due process remedy for such a harm is an "opportunity to refute the charge." *Id.* (citing *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972)).

Here, as in *Codd*, Mr. Latty has not pleaded the second element. He does not dispute that his placement on the *Brady* list was based on any substantial falsity or untruth. Mr. Felton's decision was based on personnel records that reflected Mr. Latty's disciplinary record, including records of his disciplinary suspension in 2010. Compl. [6] ¶¶ 10-13. Mr. Latty does not dispute

the truth of any information in his personnel records. He disputes only the decision to place him on the *Brady* list.

This is not sufficient to state a claim for a stigmatic harm pursuant to § 1983. He has not alleged that the Sheriff's Office or Mr. Felton disseminated any false and defamatory information about him. Rather, he has alleged only that he disagrees with the outcome of Mr. Felton's assessment of the apparently true and correct information in the personnel file and the action Mr. Felton took based on that assessment. This is not enough. *See Fleisher v. City of Signal Hill*, 829 F.2d 1492, 1495 (9th Cir. 1987) (holding that a decision to terminate a police officer based on poor performance is insufficient to implicate a liberty interest when that decision is not based on false information). Mr. Latty's claims alleging infringement of his reputational liberty interest are hereby dismissed.

Finally, because Mr. Latty has not identified a constitutionally protected interest that is implicated in this case, he was not entitled to any due process. His claims to that end are also dismissed.

//
//
//
//
//
//
//
//
//

## CONCLUSION

In sum, I agree with the bulk of Defendants' arguments and GRANT the Motion to Dismiss [15] in its entirety. Plaintiff's claims against the Polk County District Attorney's office are DISMISSED with prejudice. Plaintiff's claims against Mr. Felton are DISMISSED without prejudice. Plaintiff may file an amended complaint within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

DATED this 29 day of January, 2020.

MICHAEL W. MOSMAN
United States District Judge